IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Emerson,<br><br>        Plaintiff,<br><br>v.<br><br>MD Robert Strehlow, VI,<br><br>        Defendant. | C/A No. 8:25-13437-JFA-WSB<br><br><br>**MEMORANDUM, OPINION, AND ORDER** |

## I.    INTRODUCTION

Plaintiff Steve Emerson, proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's complaint and then prepared a thorough Report and Recommendation ("Report"). (ECF No. 9). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on December 5, 2025 (ECF No. 12). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 9). Briefly, Plaintiff, an inmate in the South Carolina Department of Corrections, has asserted various claims arising out of a surgery performed by Defendant. Plaintiff was supposed to undergo hydrocele surgery. However, after surgery began, no hydrocele was obvious, and the physician then continued and instead removed multiple cysts, whereby causing loss of ability to function or be aroused and continued pain in the lower regions. Plaintiff asserts this was done without his consent.

Despite these allegations, the Report recommends summary dismissal because Plaintiff's allegations, accepted as true, do not state a claim for deliberate indifference for a serious medical need as required to support a § 1983 claim. In essence, the Magistrate

3

Judge concluded that Plaintiff's claims of medical malpractice do not rise to the level of a constitutional violation. The Report further opines that the court lacks jurisdiction to adjudicate Plaintiff's state law claims once the deliberate indifference claims have been dismissed. In response, Plaintiff filed several objections to the Report. (ECF No. 12). Each is addressed below.

Within his first objection, Plaintiff emphasizes that a "physician who was under contract with state to provide medical services to inmates at state prison hospital on part-time basis acted under color of state law, within meaning of § 1983." (ECF No. 12, p. 2). The court agrees. The basis of the Report's recommendation of dismissal did not hinge on whether the doctor acted under color of state law. It appears that much is assumed as true within the Report. Instead, the Report focused on the substance of Plaintiff's medical claims. Accordingly, Plaintiff's first objection misses the mark and shows no error in the Report.

Within his second objection, Plaintiff avers that "Defendant was deliberately indifferent by gross negligence." (ECF No. 12, p. 2). Essentially, Plaintiff disagrees that his allegations fail to state a claim for deliberate indifference to a serious medical need in violation of his Eighth Amendment rights.

Despite the label Plaintiff seeks to apply to his claims, the substance of his allegations controls the court's analysis. Here, as explained in the Report, Plaintiff's claims amount to medical malpractice even when liberally construed. Such claims are insufficient to support a § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a

prisoner"). Plaintiff has failed to offer any additional facts or support which would show Plaintiff's Eighth Amendment rights were violated. Accordingly, Plaintiff has failed to show any error in the Report and his objection is overruled.

Consequently, Plaintiff has failed to sufficiently allege a claim for deliberate indifference to a serious medical need. Plaintiff may have a state law claim for negligence but does not allege a violation of his constitutional rights. Thus, Plaintiff's § 1983 claim must be dismissed.

Plaintiff next objects to the Report's recommendation that Plaintiff's state law claims be dismissed for lack of jurisdiction. (ECF No. 12, p. 3). As explained in the Report, the above dismissal of Plaintiff's § 1983 claims deprives the court of subject matter jurisdiction. Because the court does not possess an alternative source of subject matter jurisdiction, such as diversity jurisdiction, the entirety of Plaintiff's remaining claims must be dismissed. Plaintiff's objection provides no facts or support to counter this conclusion. Accordingly, the Report properly determined that the remainder of Plaintiff's claims should be dismissed.

Plaintiff also takes issue with a footnote in the Report which states:

The present action is nearly identical to another action Plaintiff recently filed in this Court. *See Emerson v. Strehlow*, No. 8:25-cv-9752-JFA-WSB (D.S.C.). In that action, Plaintiff made the same substantive allegations against the same Defendant as those presented in this case. On October 1, 2025, the Honorable Joseph F. Anderson dismissed that action, finding Plaintiff had failed to state a claim for relief under § 1983. *Id.*; ECF No. 22. The present action should be dismissed for the same reasons, as explained herein.

(ECF No. 9, p. 6 n. 1).

Plaintiff avers that the current action is not identical because it includes claims of "gross negligence" which were not previously asserted. (ECF No. 12, p. 4). As shown above, Plaintiff's claims in this action rise and fall on their own merit. Reference to the court's previous dismissal of substantially similar claims does not affect the analysis or outcome of the claims alleged here. Accordingly, this objection is overruled.

Plaintiff finally objects to the recommendation that Plaintiff's state law claims be dismissed for failure to comply with South Carolina Code requirements. Because Plaintiff's state law claims are dismissed for lack of jurisdiction, any further analysis as to the viability of these claims is unnecessary. Accordingly, the court declines to address Plaintiff's objections to this portion of the Report. Plaintiff is free to file this action in State Court if he so wishes, the Undersigned expresses no opinion on any potential statute of limitations bar.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 9). For the reasons discussed above and in the Report, the complaint is dismissed without prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

January 6, 2026                          Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

6